UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:01-cr-67-FTM-29SPC

FRED DOUGLAS SHACKLEFORD
_____

**OPINION AND ORDER**

This matter is before the Court on defendant Fred Douglas Shacklefore's *pro se* Motion Under Title § 3582(c)(2) and U.S. Sentencing Guideline-Amendment Nine (9) Which Became Effective on November 1, 2007 and Caused a Two-Level Reduction In Base Offense Level for Cocaine Base (Doc. #122) filed on February 17, 2009. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

**I.**

Title 18 U.S.C. § 3582(c) gives the Court discretionary authority to reduce the "term of imprisonment" portion of a defendant's sentence under certain circumstances. Subsection 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable,

> if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c).[1] Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range, U.S.S.G. § 1B1.10(a)(2)(B). Defendant Shackleford satisfies all of these eligibility requirements and a

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

reduction in the term of imprisonment would be consistent with the Sentencing Guidelines policy statement.

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. Bravo, 203 F.3d at 781. In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the

Sentencing Guidelines policy statement. <u>Bravo</u>, 203 F.3d at 781; <u>Vautier</u>, 144 F.3d at 760. The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10 cmt. n.1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, Application Note 1(b)(iii). While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary. <u>Vautier</u>, 144 F.3d at 760; <u>United States v. Cothran</u>, 106 F.3d 1560, 1562 (11th Cir. 1997); <u>United States v. Vazquez</u>, 53 F.3d 1216, 122728 (11th Cir. 1995).

**II.**

At the original sentence, the Court determined that defendant's Total Offense Level was 29, his Criminal History Category was II, and the Sentencing Guidelines range was 97 to 121 months imprisonment plus 60 months consecutive for a conviction of Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime. The application of Amendment 706 results in a Total Offense Level of 27, a Criminal History Category of II, and a Sentencing Guidelines range of 78 to 97 months imprisonment. When imposing the original sentence, the Court departed four levels from the applicable Sentencing Guidelines range based upon defendant's substantial assistance and imposed a sentence of 63

4

months imprisonment followed by a consecutive 60 months imprisonment for the firearm conviction. The Court concludes that these four levels should be deducted from the re-calculated Total Offense Level after application of Amendment 706, and therefore a comparable range is 51 to 63 months imprisonment, followed by the 60 months for the firearms conviction. The Probation Office reports that defendant has completed several self-improvement and educational courses, as well as a drug education program, but had one disciplinary action in 2004 for assault. Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence at the low end of the newly calculated comparable Sentencing Guidelines range, plus the consecutive 60 months on the firearms offense.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant Fred Douglas Shacklefore's *pro se* Motion Under Title § 3582(c)(2) and U.S. Sentencing Guideline-Amendment Nine (9) Which Became Effective on November 1, 2007 and Caused a Two-Level Reduction In Base Offense Level for Cocaine Base (Doc. #122) is **GRANTED** as set forth below.

2. The Clerk of the Court shall enter a Second Amended Judgment reducing the sentence imposed to 51 months imprisonment as to Counts 2 and 3, such terms to be served concurrently with one another, and 60 months as to Count 4, such term to be served

consecutively to Counts 2 and 3, and otherwise leaving all other components of the sentence as imposed in the Amended Judgment. This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.".

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of April, 2009.

                                                                           
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Fred Douglas Shackleford
U.S. Probation
U.S. Marshal

6